## R. A. Crandall, Defendant in Error, v. Albert L. Kirk, Plaintiff in Error.

### Gen. No. 19,007. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed March 26, 1914.

## Statement of the Case.

Action by R. A. Crandall against Albert L. Kirk to recover a stipulated sum agreed by the latter to be paid on failure to perfect title to certain property conveyed to plaintiff in part payment of the purchase price of an automobile, such sum to be in lieu of the property. On trial below without a jury plaintiff recovered judgment for four hundred dollars, from which defendant brings error. A motion to affirm the judgment was reserved to the hearing.

FRANCIS E. CROARKIN, for plaintiff in error.

JOHN T. BOOZ, for defendant in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

Crandall y. Kirk, 185 Ill. App. 460.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 849*—*when exhibits sufficiently identified to become part of record.* The fact that exhibits introduced in evidence at the trial appear after instead of above the judge's signature to the stenographic report does not prevent them from being part of the record where so identified in the report as to show conclusively that they were the exhibits referred to therein.

2. APPEAL AND ERROR, § 482*—*when propositions of law unnecessary.* Propositions of law are unnecessary where the only questions presented for review relate to pure questions of fact or to rulings of the court during the trial which were otherwise preserved.

3. APPEAL AND ERROR, § 594*—*when motion for new trial or in arrest unnecessary.* Where the trial is by the court without a jury, no motion for new trial or in arrest of judgment is necessary.

4. APPEAL AND ERROR, § 551*—*when exception unnecessary.* Under the amendment of 1911, Practice Act, sec. 81, J. & A. ¶ 8618, no formal exception is necessary to be shown where a stenographic report of the trial instead of a bill of exceptions is certified, filed and used as the record of the court of review.

5. MUNICIPAL COURT OF CHICAGO, § 26*—*when seal unnecessary to stenographic report.* The signature of a Municipal judge to the stenographic report need not be under seal.

6. MUNICIPAL COURT OF CHICAGO, § 26*—*when certificate to stenographic report sufficient.* Certificate to a stenographic report that it is a "correct stenographic report of proceedings in said cause" is not open to objection.

7. APPEAL AND ERROR, § 1105*—*when failure to give notice of filing of præcipe not ground for dismissal.* Failure to give the five days' notice of filing præcipe for record provided for in Practice Act, sec. 81, J. & A. ¶ 8618, is not ground for the dismissal of the appeal.

8. VENDOR AND PURCHASER, § 332*—*when tender of reconveyance at trial insufficient.* Where the vendor of an automobile accepted a deed to certain realty in part payment of the purchase price, on condition that certain defects in title be removed within a specified time, or in lieu thereof a stipulated sum of money, in an action to recover such sum a tender of a reconveyance at the trial will not suffice, and the plaintiff's remedy is confined to the recovery of damages for breach of contract to deliver a merchantable title.

9. VENDOR AND PURCHASER, § 344*—*measure of damages for defective title.* The measure of damages for breach of contract to deliver a merchantable title is the difference between the actual value of the title delivered and its agreed value.